IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03173-REB-MEH

THERESA L. DOWLING,

     Plaintiff,

v.

XCEL ENERGY,

     Defendant.

---

## PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Upon a showing of good cause in support of the entry of a blanket protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

     1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated and marked as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

     2.    As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained.  See Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

     3.    Information designated "CONFIDENTIAL" shall be information that is confidential

and implicates common law or statutory privacy interests of current or former employees (including

Plaintiff), representatives, or agents of Defendant, Public Service Company of Colorado, doing

business as Xcel Energy (improperly identified in the Complaint as "Xcel Energy") ("PSCo" or

"Defendant"), or any of the subsidiaries or affiliates of Defendant, including but not limited to:

personnel information concerning current and former employees of Defendant or Defendant's

contractor's employees; information concerning private personal matters not generally known to the

public, such as, but not limited to, tax returns and medical information; non-party employee

addresses, social security numbers; non-parties' employment and compensation histories; non-party

employee performance evaluations and termination files; information containing industry or

Defendant's trade secrets information; Defendant's proprietary or non-public business information,

including Defendant's business contracts; information relating to Defendant's confidential, internal

investigations; information relating to Defendant's investment, business and operational strategies,

plans and corporate structure, economic and market analyses, marketing strategies, client/project

lists, financial projections and cost information treated or considered by Defendant, by policy or

practice, to be confidential or proprietary.  CONFIDENTIAL information shall not be disclosed or

used for any purpose except in the preparation and trial of this case (including any appeal) in

accordance with this Protective Order.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively

"CONFIDENTIAL information") shall not, without the consent of the party producing it and the

consent of the party claiming confidentiality (if that party is different from the producing party) or

further Order of the Court, be disclosed or made available in any way to any person other than:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working

on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

       (c)     the parties, including designated representatives for Defendant;

       (d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

       (e)     the Court and its employees ("Court Personnel");

       (f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       (g)     witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

       (h)     other persons by written agreement of all the parties.

     5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 4(a) through 4(f)), Defendant's counsel or Plaintiff shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by Defendant's counsel or Plaintiff and shall be subject to in camera review by the Court if good cause for review is demonstrated by either party.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Any information designated by a party as CONFIDENTIAL must first be reviewed by either the Defendant's attorney or the Plaintiff, who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to Defendant's counsel or the Plaintiff within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

9.      In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s).  The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in

accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long at the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

10.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    In the event it is necessary for either party to file CONFIDENTIAL information with the Court, the party wishing to file such CONFIDENTIAL information shall file in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.

12.    At the conclusion of this case, and any appeal, each document, all copies and

electronic copies thereof, which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL.  The returning party shall provide the other party with a written certification confirming that all CONFIDENTIAL documents and electronic copies have been returned.

13.    The terms of this Protective Order shall survive the termination of this action and all protections of this Protective Order shall remain in full effect in perpetuity.

14.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 2nd day of May, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge