IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03173-REB-MEH

THERESA L. DOWLING,

    Plaintiff,

v.

XCEL ENERGY,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 7, 2012.**

    Pending before the Court is Plaintiff's Request for Missing Documents [filed May 4, 2012; docket #40], which Plaintiff filed as a Motion to Enforce. Plaintiff's Motion "requests that all documents for this case be provided by the clerk's office today" because Plaintiff has canceled her CM/ECF service and is unable to locate a folder containing documents related to Xcel. Plaintiff's Motion is **denied** for two reasons.

    First, Plaintiff, like all litigants, may request copies of documents from the Clerk's office at her own expense. As a general principle, "a party must bear the burden of financing [her] own suit." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978) (citations and quotations omitted).

    Second, Plaintiff failed to comply with D.C. Colo. LCivR 7.1A. Plaintiff's Motion asserts that "Plaintiff does not believe the defendants (sic) need to approve this request" and that Plaintiff could not wait until Monday for counsel's response. The Court reminds Plaintiff that it "will not consider ***any motion***, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel." D.C. Colo. LCivR 7.1A (emphasis added). Plaintiff's unwillingness to wait a single business day for Defendant's position does not constitute a "good faith effort" to confer with opposing counsel. *See id*.