IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03173-REB-MEH

THERESA L. DOWLING,

    Plaintiff,

v.

XCEL ENERGY,

    Defendant.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to prosecute, failure to respond to the Court's September 25, 2012 order to show cause [docket #53], and failure to appear at the October 9, 2012 show cause hearing. Based on the entire record and the reasons stated herein, the Court RECOMMENDS that this action be **dismissed with prejudice** for Plaintiff's failure to prosecute and failure to comply with this Court orders.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United*

1

**I.    Background**

Plaintiff initiated this action *pro se* on December 6, 2011, and received leave to proceed in *forma pauperis*. At the Scheduling Conference held on March 1, 2012, Defendant's counsel informed the Court of difficulties they experienced in communicating with Plaintiff for purposes of preparing the proposed Scheduling Order. In particular, counsel represented that they had attempted to contact Plaintiff on over 20 occasions to arrange a Rule 26(f) conference, all to no avail. The Court admonished Plaintiff of her obligation to respond to counsel's phone calls within 24 hours unless Plaintiff was physically unable to do so. In the event Plaintiff could not use the telephone, the Court instructed her to email counsel explaining the medical emergency. The Court emphasized that Plaintiff's failure to cooperate in the prosecution of this action would result in a recommendation of dismissal.

Following the Scheduling Conference, Defendant reported additional instances in which Plaintiff could not be reached for discussion. (*See* docket #49 at 1.) In anticipation of further difficulties in completing Plaintiff's deposition, Defendant moved to depose Plaintiff at the Alfred A. Arraj United States Courthouse ("the Courthouse"). (*Id.* at 2.) In light of Defendant's concerns and the Court's own observations of Plaintiff's conduct in this litigation, the Court granted Defendant's motion and arranged for the use of its facilities for September 25, 2012, at 10:00 a.m. (Docket #51.) Defendant noticed Plaintiff's deposition accordingly.

Consistent with the Court's orders and the notice served on Plaintiff, Defendant's counsel appeared at the Courthouse on September 25, 2012, at 10:00 a.m. to take Plaintiff's deposition. In conjunction with the anticipated deposition, counsel for Defendant hired a court reporter and

---

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

videographer, who also appeared as scheduled. Plaintiff did not appear and did not attempt to contact the Court or Defendant's counsel to explain her absence.

After waiting approximately 45 minutes for Plaintiff to arrive, counsel reported Plaintiff's non-appearance on the record. While on the record, the Court attempted to call Plaintiff twice at the number provided on the Court's electronic filing system. Both times, the call went to voicemail for "Terry Dowling." Defendant presented evidence that it served Plaintiff with a notice of deposition by email and regular mail on September 12, 2012. The emails were sent to the addresses provided by Plaintiff in various court documents, and none were returned as undeliverable. The notice was also sent via Federal Express and signed for by "K. Dowlin" on September 13, 2012, at 10:11 a.m. In addition to notices sent by Defendant, the Clerk of the Court mailed Plaintiff a copy of the Court's September 11, 2012 minute order granting Defendant's motion to notice Plaintiff's deposition at the Courthouse on September 25, 2012. The minute order was not returned as undeliverable.

In consideration of the notices sent by Defendants and the minute order mailed by the Clerk of the Court, the Court was satisfied that Plaintiff received adequate notice of the deposition. In addition, the Court inquired regarding the costs incurred by Defendant as a result of Plaintiff's failure to appear. As noted on the record, the videographer and court reporter charged fees of $300.00 and $50.00, respectively, for their appearance at the deposition. Thus, the Court found Defendant's total costs for the attempted deposition were $350.

In light of the above and pursuant to the Court's authority to sanction Plaintiff for her failure to appear at her deposition, the Court issued an order to show cause on September 25, 2012, directing Plaintiff to show cause in writing by October 9, 2012, as to why the Court should not recommend dismissal of her claims for her failure to prosecute this action, and why Plaintiff should

not be required to pay the costs incurred by Defendant as a result of her failure to appear. (Docket #53.) In addition, the Court ordered Plaintiff to appear before the Court on October 9, 2012, at 9:30 a.m. for a hearing on the September 25, 2012 order. (*Id.* at 3.) The Court warned Plaintiff that failure to comply with the order to show cause would result in a recommendation of dismissal without further notice. (*Id.*)

In accordance with its order to show cause, the Court held a hearing on October 9, 2012. Counsel for Defendant attended in person, but Plaintiff failed to appear.

**II.   Discussion**

Although Plaintiff proceeds without an attorney, she bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v.*

*Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

"Dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, the Plaintiff's failure to appear for her deposition and general failure to prosecute have adversely impacted Defendant in a number of ways. As noted above, Defendant expended fees and costs in arranging Plaintiff's deposition at the Courthouse. Plaintiff's failure to attend her deposition or respond to any communications from Defendant's counsel have also impeded Defendant from fully and promptly resolving the claims asserted against it in this lawsuit. Specifically, the Court notes that the current dispositive motion deadline is October 12, 2012. Plaintiff's refusal to provide Defendant with any discovery significantly inhibits Defendant from filing a dispositive motion within the current deadline.

With respect to the second factor, the Court has invested considerable time and resources overseeing this case and attempting to facilitate Plaintiff's compliance with her obligations. In

addition to issuing an order to permit the use of its facilities for Plaintiff's deposition, the Court was also required to make arrangements with Courtroom Security Officers regarding the videographer and court reporter. The Court expended additional time in creating a record of Plaintiff's non-appearance, issuing an order to show cause, and holding an additional hearing at which Plaintiff did not appear. In this way, Plaintiff has increased the workload of the Court and interfered with the administration of justice. Plaintiff's non-compliance with the judicial process by failing to appear at her deposition, refusing to communicate with counsel for Defendant, failing to respond to the Court's order to show cause, and failing to appear at the show cause hearing flout the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

In evaluating the third factor, the Court has reminded Plaintiff, in person, of her obligation to prosecute this action with due diligence. At the March 1, 2012 Scheduling Conference, the Court established a protocol by which Plaintiff was to respond to communications from Defendant's counsel within 24 hours unless she had a medical emergency. In the event of such an emergency, the Court directed Plaintiff to send an email to Defendant's counsel explaining why she could not respond by telephone. As of this date, Defendant's counsel represents that Plaintiff has been entirely unreachable by telephone or email. She has also made no attempt to contact the Court, by filing or otherwise, to explain why she has been unable to prosecute this action. Plaintiff's repeated failure to comply with this Court's orders and her failure to participate in the litigation lead the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the Court admonished Plaintiff on the record and in its order to show cause that failure to participate in this litigation and failure to comply with the Court's instructions would result in a recommendation of dismissal. Thus, the

fourth factor is satisfied.

In consideration of the fifth factor, the Court acknowledges Defendant's request, as stated on the record, that this action be dismissed with prejudice. In view of the thirteen cases Plaintiff has filed, including three pending in this District against Defendant Xcel Energy, the Court observes a pattern of the conduct described above. In Case No. 11-cv-01776-LTB, filed against Xcel Energy, Plaintiff failed to comply with Magistrate Judge Boland's order that she cure the deficiencies of her complaint within thirty days. (11-cv-01776-LTB, docket #9.) In light of Plaintiff's failure to file the required document and in observance of her overall failure to communicate with the Court, Judge Babcock ordered the action be dismissed without prejudice for Plaintiff's failure to comply with court orders. (*Id.*) The same occurred in Case Nos. 11-cv-01748-LTB and 11-cv-1838-LTB, albeit against different defendants. In Case Nos. 11-cv-02695-REB-KMT and 11-cv-02697-REB-KMT, Judge Blackburn, on recommendation from Magistrate Judge Tafoya, dismissed Plaintiff's cases with prejudice as a sanction for Plaintiff's failure to prosecute and failure to comply with court orders. In those cases, Plaintiff failed to participate in the Rule 26(f) conference, failed to communicate with counsel for the defendant, and failed to respond to orders to show cause. A recommendation of dismissal with prejudice for the same behavior remains pending before Judge Blackburn in Case No. 11-cv-02696-REB-KMT.

In consideration of the above cases, the Court finds a clear record willful disregard for court orders and an overall unwillingness to prosecute on the part of Plaintiff. The Court is not persuaded that lesser sanctions would effectively deter this behavior. Because Defendant should not be required to endure another round of litigation in which Plaintiff continues to ignore the Court's instructions and her respective obligations, the Court finds that dismissal with prejudice is

warranted.[2]

**III.    Admonition**

The Court reminds Plaintiff that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (internal citations omitted). Federal courts are vested with inherent power to enjoin litigants who abuse the court system by harassing their opponents. *Id*. at 352. In the Tenth Circuit, injunctions of this nature "are proper where the litigant's abusive and lengthy history is properly set forth." *Id*. at 535.

Upon review of the cases Plaintiff has filed in this district, the Court sees three categories of disposition. In the first category (which includes Case Nos. 11-cv-01748-LTB, 11-cv-01776-LTB, 11-cv-01838-LTB, and 12-cv-01328-LTB), Judge Babcock dismissed Plaintiff's claims without prejudice due to Plaintiff's failure to cure the deficiencies of her complaint, as ordered by Magistrate Judge Boland. The second category, as described above, includes those cases in which Judge Blackburn dismissed Plaintiff's claims with prejudice as a sanction for Plaintiff's failure to prosecute and failure to comply with court orders. (*See* Case Nos. 11-cv-2695-REB-KMT; 11-cv-2697-REB-KMT). In the final category of cases, Plaintiff's claims were determined to be frivolous [12-cv-01227-LTB], dismissed *sua sponte* for purposes of immunity [12-cv-01328-LTB], or

---

[2]In *Ehrenhaus*, the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice. The *Ehrenhaus* plaintiff wilfully failed to comply with two court orders. 965 F.2d at 922. In *Cosby v. Meadors*, 351 F.3d 1324, 1331-32 (10th Cir. 2003), the Tenth Circuit affirmed the dismissal of the plaintiff's claims with prejudice, even though the plaintiff was an inmate proceeding *pro se*, because he did not comply with the court orders outlining his filing fee payment obligations. Here, not only did Plaintiff fail to comply with court orders, but she has also impeded Defendant's ability to proceed in this litigation by not cooperating in the discovery process. Comparing this Plaintiff's conduct to that of the *Ehrenhaus* and *Cosby* plaintiffs, the Court concludes that dismissal with prejudice is an appropriate sanction.

resolved at the summary judgment phase [10-cv-01118-REB-KMT].

Based on these litigation patterns and the Court's discussions with Plaintiff at the Scheduling Conference, Plaintiff appears unwilling or unable to manage the obligations of her various civil actions. There is also some evidence of frivolous filing, though most of her cases are not resolved on the merits. Plaintiff's conduct thus far does not, in the Court's view, demonstrate malice or abuse *per se*; however, the day may be near when Plaintiff's decision to file and abandon a lawsuit becomes abusive. Thus, Plaintiff is hereby advised that her continued practice of filing frivolous lawsuits, ignoring court orders, or failing to prosecute her actions with due diligence may result in court-imposed restrictions on her ability to file future cases in this district. *See Tripati*, 878 F.3d at 352-53.

**IV.    Conclusion**

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby RECOMMENDS that the District Court **dismiss** this case **with prejudice** for Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with the Court's orders. Though the Court does not recommend filing restrictions at this time, the Court RECOMMENDS the District Court advise Plaintiff that sanctions may be considered in the event that Plaintiff's litigation patterns continue.

Respectfully submitted at Denver, Colorado, this 12th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge