IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03173-REB-MEH

THERESA L. DOWLING,

    Plaintiff,

v.

XCEL ENERGY,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court on Defendant's Notice of Statement and Fees [filed October 9, 2012] and Defendant's oral motion for attorney's fees and costs associated with Plaintiff's failure to appear at her deposition on September 25, 2012, at 10:00 a.m. at the Alfred A. Arraj United States Courthouse ("the Courthouse"). For the reasons set forth below, Defendant's motion is **granted** and Plaintiff shall be required to pay Defendant's fees and costs pursuant to Fed. R. Civ. P. 37(d).

**I.    Background**

Plaintiff initiated this action *pro se* on December 6, 2011. At the Scheduling Conference held on March 1, 2012, Defendant's counsel informed the Court of difficulties they experienced in communicating with Plaintiff for purposes of preparing the proposed Scheduling Order. In particular, counsel represented that they had attempted to contact Plaintiff on over 20 occasions to arrange a Rule 26(f) conference, all to no avail. The Court admonished Plaintiff of her obligation to respond to counsel's phone calls within 24 hours unless Plaintiff was physically unable to do so. In the event Plaintiff could not use the telephone, the Court instructed her to email counsel

explaining the medical emergency.

Following the Scheduling Conference, Defendant reported additional instances in which Plaintiff could not be reached for discussion. (*See* docket #49 at 1.) In anticipation of further difficulties in completing Plaintiff's deposition, Defendant moved to depose Plaintiff at the Courthouse. (*Id.* at 2.) In light of Defendant's concerns and the Court's own observations of Plaintiff's conduct in this litigation, the Court granted Defendant's motion and arranged for the use of its facilities for September 25, 2012, at 10:00 a.m. (Docket #51.) Defendant noticed Plaintiff's deposition accordingly.

Consistent with the Court's orders and the notice served on Plaintiff, Defendant's counsel appeared at the Courthouse on September 25, 2012, at 10:00 a.m. to take Plaintiff's deposition. In conjunction with the anticipated deposition, counsel for Defendant hired a court reporter and videographer, who also appeared as scheduled. Plaintiff did not appear and did not attempt to contact the Court or Defendant's counsel to explain her absence.

After waiting approximately 45 minutes for Plaintiff to arrive, counsel reported Plaintiff's non-appearance on the record. While on the record, the Court attempted to call Plaintiff twice at the number provided on the Court's electronic filing system. Both times, the call went to voicemail for "Terry Dowling." Defendant presented evidence that it served Plaintiff with a notice of deposition by email and regular mail on September 12, 2012. The emails were sent to the addresses provided by Plaintiff in various court documents, and none were returned as undeliverable. The notice was also sent via Federal Express and signed for by "K. Dowlin" on September 13, 2012, at 10:11 a.m. In addition to notices sent by Defendant, the Clerk of the Court mailed Plaintiff a copy of the Court's September 11, 2012 minute order granting Defendant's motion to notice Plaintiff's deposition at the Courthouse on September 25, 2012. The minute order was not returned as undeliverable.

In consideration of the notices sent by Defendants and the minute order mailed by the Clerk of the Court, the Court was satisfied that Plaintiff received adequate notice of the deposition. In addition, the Court inquired regarding the costs incurred by Defendant as a result of Plaintiff's failure to appear. As noted on the record, the videographer and court reporter charged fees of $300.00 and $50.00, respectively, for their appearance at the deposition. Thus, the Court found Defendant's total costs for the attempted deposition were $350.

The Court issued an order to show cause on September 25, 2012, directing Plaintiff to show cause in writing by October 9, 2012, as to why the Court should not recommend dismissal of her claims for her failure to prosecute this action, and why Plaintiff should not be required to pay the costs incurred by Defendant as a result of her failure to appear. (Docket #53.) In addition, the Court ordered Plaintiff to appear before the Court on October 9, 2012, at 9:30 a.m. for a hearing on the September 25, 2012 order. (*Id*. at 3.)

In accordance with its order to show cause, the Court held a hearing on October 9, 2012. Counsel for Defendant attended in person, but Plaintiff failed to appear. At this time, Defendant renewed its request for fees and costs associated with the deposition. The Court ordered Defendant to file documentation of these expenses as soon as possible. Accordingly, Defendant filed the pending Notice, which contains documentation of the aforementioned costs and attorney's fees associated with the attempted deposition.

**II.     Discussion**

Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), the Court, on motion, may order sanctions if "a party...fails, after being served with proper notice, to appear for [his or her] deposition[.]" Though the Court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), it "must require the party failing to act...to pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

As described above, Defendant served Plaintiff with proper notice of the deposition via email and certified mail. The Court also informed Plaintiff of the date, time, and location of her impending deposition by providing Plaintiff with a copy of its September 11, 2011 minute order approving Defendant's request to notice Plaintiff's deposition at the Courthouse. Although the Rule 37(d) does not explicitly require it, the Court provided Plaintiff with an opportunity to explain why she should not be required to pay the costs incurred by Defendant as a result of her failure to appear at the deposition. Plaintiff did not respond, either in writing or in person. Thus, the Court infers no justification on her behalf.

Exhibit A to Defendant's Notice of Fees documents, in detail, Defendant's attorney's fees and costs. As noted above, Defendant paid $300 for the services of the videographer and $50 for the court reporter, totaling costs of $350.00. In addition, Defendant paid its attorney, Martine Wells, $220 per hour for her 1.7 hours of time spent at the Courthouse during Plaintiff's attempted deposition. The Court finds Ms. Wells' billing rate is supported by her skill and experience, and the Court observes no excessive or redundant charges. Therefore, the Court finds Defendant's attorney's fees of $374.00 are reasonable. In sum, the Court is satisfied that Defendant is entitled to its requested fees and costs of $724.00.

**III.   Conclusion**

In light of the above and pursuant to the Court's authority to sanction Plaintiff for her failure to appear at her deposition, it is hereby ORDERED that Plaintiff shall pay costs and attorney's fees to Defendant in the amount of $724.00 on or before November 2, 2012.

Dated at Denver, Colorado, this 15th day of October, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge